LOFUS HYATT, IMPLEADED ETC. V. GROVER & BAKER SEWING MACHINE COMPANY.

*Bonds do not operate retrospectively to bind sureties.*

An antedated bond does not bind the sureties for the period preceding the date of its delivery if its language is not retrospective.

A surety is not presumed to have meant to become answerable for acts committed before he signed the obligation.

Error to Kalamazoo.   Submitted June 6.   Decided July 1.

ASSUMPSIT on a bond.   Defendant Hyatt brings error.

*Charles Upson* for plaintiff in error.   A surety's liability upon a bond cannot be made to relate back and take effect as of a time before its execution and delivery, *Paw Paw v. Eggleston*, 25 Mich., 36; *Detroit v. Weber*, 29 Mich., 24; *Hall v. Parker*, 37 Mich., 590; Brandt on Suretyship, §§ 138, 139–143; 19 Alb. L. Journal, 399, art. Suretyship.

*Brown, Howard & Roos* for defendant in error.   The language of a bond determines the surety's liability, *U. S. vs. Boyd*, 15 Pet., 187; *Locke vs. McVean*, 33 Mich., 480; an official bond is for the official term, *U. S. v. Linn*, 15 Pet., 290; sureties on an administrator's

bond are liable for moneys received before their appointment, *Gottsberger v. Taylor,* 19 N. Y., 150; *Choate v. Arrington,* 116 Mass., 552.

GRAVES, J.  This writ of error is brought to reverse judgment entered on a bond given for the good conduct of one Tuttle as an agent of the company.  The agreement between Tuttle and the company, together with the bond, were dated respectively July 11, 1871, and those parties appear to have regarded the agreement as taking effect at that time.

It seems that Tuttle was already acting in the same way under a prior agreement and obligation.  The present bond was not executed and delivered until August 23, 1871, several weeks after the date expressed. During the intervening period it was not in existence, and plaintiff in error was not then answerable for anything transacted.

The circuit judge ruled that after its delivery the bond operated retrospectively to the date, and bound the plaintiff in error from that time, and he allowed recovery for transactions perfected in that interval. There is no evidence that when plaintiff in error gave the bond he was aware of anything involving present liability under any construction, and the fact that the instrument was ante-dated was not likely, therefore, to attract attention.

The author of the Touchstone observes that "All deeds do take effect from, and therefore have relation to, the time, not of their date, but of their delivery: and this is always presumed to be the time of their date, unless the contrary do appear."  p. 72.  In the present case the contrary is admitted, and the presumption spoken of is obviated.  Neither the nature of the case nor the surrounding circumstances, justify resort to the fiction allowed sometimes where the recognized demands of justice require that transactions should be connected or brought into given relations.

The question turns on the construction of the obligation, and it must be held to speak from the time it took effect. No other view is admissible now. It is not to be assumed that the surety intended to become responsible for acts or delinquencies accomplished before he bound himself. *Myers v. United States*, 1 McLean, 493. On the other hand it is just to suppose that if the parties had understood that past transactions were to be covered, "the bond would have been made retrospective in its language." *Farrar v. United States*, 5 Pet., 373; *United States v. Boyd*, 15 Pet., 187. Such, however, is not the case. The terms are all future. The language imports an undertaking relative to posterior transactions only, and it cannot be applied to antecedent ones without violating its natural sense. We are, therefore, of opinion the court erred in applying the bond to matters which arose before it was given.

There are some other questions in the record, but the view taken appears to us to render their discussion unnecessary.

The judgment must be reversed, with costs, and a new trial granted.

MARSTON AND COOLEY, JJ., concurred. CAMPBELL, C. J., did not sit in this case.