I. M. SCHULLHERR *v.* THE STATE OF MISSISSIPPI.

1. LIQUORS. *Sale for use of intoxicated person. Breach of bond. Code* 1880, § 1104.
Under the statute prohibiting the sale of liquor by a licensed retailer to a person then intoxicated, such sale being a breach of his bond as retailer, a sale for the use of an intoxicated person, and to be paid for by him, will be deemed a sale to him, where the liquor is delivered to or on the order of another to whom the intoxicated person had previously authorized the retailer to furnish it on his credit.

2. SAME. *Suit on liquor bond. Validity of license. Estoppel.*
In a suit upon the bond of a retail liquor dealer, both he and his sureties are estopped to deny the validity of the license issued by the municipal authorities, and under which he has done business.

FROM the circuit court of Lauderdale county.

HON. S. H. TERRAL, Judge.

This suit was instituted in the name of the state, upon the information of Joe Moore, upon the bond of one L. M. Reinach, a licensed retailer of intoxicating liquors in the city of Meridian. The breach of the bond alleged in the declaration, is that Reinach sold liquor to one Casteel, who at the time of the sale was intoxicated. A demurrer to the declaration was overruled, and the defendants, the said Reinach and the sureties on the bond, pleaded the general issue, and by way of special plea denied that the said

Reinach had obtained from the municipal authorities of the city of Meridian a valid license to retail vinous and spirituous liquors as required by law.

On the trial it was shown that Casteel was taken from his place of business in an intoxicated condition to the house of Emma Hannah, a colored woman supposed to be his mistress, and that he continued there in a drunken condition for two weeks, when his debauch ended in his death. There was evidence for the plaintiff tending to show that Reinach in person sold Casteel whiskey at his saloon while the latter was thus intoxicated, but the defendant, Reinach, as well as his clerks, deny this. It appeared, however, from the testimony offered by the plaintiff as well as that of Reinach himself, that Casteel had previously authorized Reinach to let Emma Hannah have whatever she wanted and he would pay for it, and that on many occasions during the two weeks preceding Casteel's death, Reinach had furnished whiskey upon orders written by Emma Hannah and to messengers sent by her, and that the price of the liquor was charged to Casteel, and after the death of the latter that Reinach presented to his administrator for payment an account against Casteel for the liquor thus furnished. Reinach denied having any knowledge of the fact that the liquor sold upon orders from Emma Hannah was intended for the use of Casteel ; but the evidence for plaintiff tended to show that he knew of Casteel's condition, and also that the liquor was for his use.

Among the instructions asked by the defendants were the following :—

4. "The offense complained of as constituting a breach of the bond is the sale of intoxicating liquors to an intoxicated person. The furnishing liquors to Emma Hannah on her order was not a violation of the statute or a breach of the bond here sued on so far as this suit is concerned."

5. "The purchase of Emma Hannah of intoxicating liquors, though intended by her for F. S. Casteel and though so used, is not a breach of the bond here sued on even though said Casteel was looked to by said Reinach to pay the bills made on the said Emma Hannah's orders."

The court refused to grant these instructions as asked and modified them as follows :—

4. " The offense or cause complained of as constituting a breach of the bond here sued on is the sale of intoxicating liquors to an intoxicated person.  The furnishing of liquor to Emma Hannah on her order, unless known to be for the use of said F. S. Casteel when intoxicated, was not a violation of the statute, nor was such a breach of the bond here sued on so far as this suit is concerned."

5. " The purchase by Emma Hannah of intoxicating liquors though intended by her for F. S. Casteel, and though so used, is not a breach of the contract here sued on though said Casteel was paymaster and looked to by said Reinach to pay the bills made by the said Emma Hannah's orders, unless Reinach had good reason to believe that such liquors were for Casteel, and that he, Casteel, was intoxicated at the time of said sale."

In support of the special plea averring the invalidity of the license issued by the municipal authorities of Meridian to Reinach, it was shown that the petition of the said Reinach for license to retail intoxicating liquors was heard and granted by the board of mayor and aldermen and the board of councilmen in joint session, whereas the charter of the city required that said action should be by the said boards in separate sessions, each board concurring in granting the petition. . But the court refused to allow the defendants to set up the invalidity of the license, and refused an instruction asked by them to the effect that the plaintiff was required to show that a valid license had been procured by Reinach.

The plaintiff had judgment for $2000, the penalty of the bond, and, motion for new trial having been overruled, this appeal is prosecuted by the sureties on the said bond.

*McIntosh, Williams & Russell*, for appellants.

It is argued in behalf of plaintiff that the sureties are estopped to deny the validity of the license.  This certainly cannot be the law.  They signed the bond with the understanding that Reinach would get a license to retail.  He did not get a license.  Suppose they had executed this bond, and Reinach, as a matter of fact, had

never applied for license, but in defiance of law had opened up his saloon and engaged in the sale of liquor, could it be said that these sureties would be liable if Reinach had sold whiskey to an intoxicated person? As strong as this supposed case may seem, still that is the case now before this court, and we think the liability of the sureties on either bond must be traced to the same principle.

It was error to charge that if the jury believed from the evidence that Reinach sent intoxicating liquors to Casteel while intoxicated by way of sale, then such sending and sale was a disposition of such liquors forbidden by law, and was a breach of the bond. This charge is based upon testimony that is incompetent, being to the effect that Casteel was drunk at Emma Hannah's house, and whiskey was obtained for him from Reinach's saloon. Casteel was not present when any of this whiskey was purchased for him by other parties. The saloon-keeper had no opportunity to judge whether he was drunk or sober. While it is true that if a person stands at the counter and buys intoxicating liquors, the retailer sells at his peril, yet such a rule cannot hold good where the person who buys is not present, and the seller has no opportunity to determine his condition.

The instructions leave out of view entirely any knowledge on the part of the seller, and it makes him sell at his peril whether the man is present or absent. This would place the seller entirely at the mercy of designing persons, giving him no opportunity to protect himself in any such sales.

It is true there is some testimony for appellee that whiskey was sold to Casteel while in the saloon of Reinach and while intoxicated; but this is denied by Reinach, and if this had been the only testimony the jury might well have found for the appellants. Therefore, the errors in the instructions must have resulted in much harm to appellants.

*Walker & Hall,* on the same side.

(Counsel filed a brief mainly discussing the invalidity of the license issued by the municipal authorities to Reinach, and con-

tending that the bond was void; but, as the court does not pass upon this question and holds that appellants are estopped to deny the validity of the license, the argument on this point is omitted.)

It was error for the court to modify the 4th and 5th instructions asked by defendants.   Reinach had a legal right to sell to Emma Hannah on Casteel's account; but if Reinach knew or had good reason to believe that the liquors would be used by an intoxicated person, the bond was broken.   This is the meaning of the instructions.   A valid sale, because made to Emma Hannah, and yet the bond violated by reason of a belief on the part of the jury of Reinach's knowledge or belief that the woman would permit Casteel to drink of the liquor so purchased!   Surely this is not a sale to an intoxicated person.   Where would such doctrine lead?   Does the liquor dealer violate the law because he knows or believes that the buyer purposes to allow another who may be. intoxicated to drink it in part or in whole?   When purchased it belongs to the purchaser, and how can any use that he sees fit to make of it involve the liquor dealer?   While there is still an issue of fact as to the sales to Casteel in person, it is impossible to know what influence the erroneous instructions of the court in the matter of the sales to Emma Hannah had on that issue, and whether, in point of fact, the jury had any occasion to pass on that issue. The errors, therefore, were material and necessitate a reversal.

*Witherspoon & Witherspoon,* for appellee,

Filed a lengthy brief discussing all the facts, and contending that the verdict was correct under the evidence; that the charges were favorable to the defendants; and contending that the license and bond of Reinach were valid, and even if invalid that appellants were estopped to deny their invalidity after Reinach had engaged in the sale of liquors and availed himself of the benefits of the license; and on the points passed upon by the court, counsel cited the following authorities: As to the sale to Emma Hannah for the use of Casteel, being a sale to Casteel, *Monaghan* v. *The State,* 66 Miss. 513.   As to the estoppel of appellants, *Thomas* v. *Hinkley,* 27 N. W. Reporter, 231; 41 Am. Dec. 578; 58 Ib. 625; 35 Ib. 331.

COOPER, J., delivered the opinion of the court.

We do not construe the modifications of the 4th and 5th instructions for the defendants as announcing, as is supposed by counsel for appellants to be the case, that it is a violation of the bond of one licensed to sell intoxicating liquors to sell such liquors to one person, the dealer knowing at the time that such person designed to furnish the liquor so purchased by him to an intoxicated person. If such was the tenor of the modifications by the court, we should concur in the opinion of counsel that error had been committed. But Reinach, the retailer, does not in his testimony put that complexion upon the sales. Casteel, the intoxicated person, was in a drunken debauch at the house of Emma Hannah, to whom Reinach had been authorized by him to sell on his credit anything she might desire to buy. By reason of such authorization, Reinach contends that a sale by him of liquor *for the use* of Casteel, and to be paid for by him, was a sale to Emma if she gave the order to the messenger sent for the liquor. Under such circumstances, we have no hesitancy in declaring that the real sale was to Casteel, and that Reinach's pretense of a *bona fide* sale to Emma was a transparent subterfuge wholly unsupported by any testimony.

Whether the license of Reinach was or was not properly authorized by the municipal authorities is immaterial. It does not lie in the mouth of Reinach, who received and acted upon such license, nor with his sureties, who became bound that he so acting would not violate the statute, to deny the validity of such license. As against him and them, the license is to be considered as issued in conformity to law, because neither he nor they stand in a situation to deny that fact.

*The judgment is affirmed.*