(26 Misc. Rep. 594.)

### LYMAN v. BRUCKER et al.

(Supreme Court, Trial Term, Monroe County. February, 1899.)

1. LIQUOR TAX LAW—SUFFICIENCY OF BOND.

A bond given under the liquor tax law contained a statement that the applicant would not violate any provisions of such law, "nor any act amendatory thereof or supplementary thereto." *Held*, the fact that the latter clause was broader in its terms than required by the statute was no ground for holding the bond void under Code Civ. Proc. § 729, providing that a bond is sufficient if it conforms substantially to the form prescribed by the statute, and does not prejudice the rights of the party for whose benefit it is given.

2. SAME—ESTOPPEL TO DENY VALIDITY.

Persons executing a bond under liquor tax law not conforming in all respects to the requirement of the statute, after presenting it to the commissioner of excise as a valid security, and after a liquor tax license was granted on the strength of the security, cannot escape liability because of such variance.

3. SAME.

Where obligors of a statutory bond failed, under Code Civ. Proc. § 730, to ask to have it amended to comply with the statute, they are estopped, when suit is brought upon it, from questioning its validity, where they knew that the principal had obtained rights and privileges upon the strength of it.

4. SAME—VIOLATION OF BOND—GAMBLING.

The owner of a saloon is guilty of violating its bond by permitting gambling to be done on the premises, where he keeps in his saloon a slot machine loaded with nickels, into which any one coming into the saloon could drop a nickel, and press a plunger, whereby such nickel would either be lost to the person using the machine or might fall into some compartment, whereby a certain number of nickels would drop out, and be won by the player.

Action by Henry H. Lyman, as state commissioner of excise, against Ernest Brucker and the Title & Guarantee Company of Rochester. Motion for nonsuit denied.

Elbridge L. Adams, for plaintiff.

George F. Yeoman and George H. Harris, for defendants.

DAVY, J. The two principal questions presented and argued upon the motion for a nonsuit in this action are: First, that the bond upon which this action is based is void, because the statute requires that it shall contain a statement that the applicant shall not violate any of the provisions of the liquor tax law, while the bond in suit requires him not to violate any of the provisions of the liquor tax law, or any act amendatory thereof or supplementary thereto; second, that the evi-

dence does not show that the defendant Brucker suffered or permitted any gambling to be carried on upon his premises, contrary. to the provisions of said bond.

It seems to me that the words, "or any act amendatory thereof or supplementary thereto," refer to the original liquor tax law and the amendments thereto in force at the time the bond was executed, and not to any amendments enacted thereafter. If I am right in my contention, then the additional words are not in the least prejudicial to the rights of the defendants, because they do not impose any greater obligations, or make the bond·any more burdensome to the defendants, than the statute requires. A strict and technical conformity to the statute is not essential to the validity of the bond. If it conforms substantially to the form prescribed, it is sufficient. Neither is it any objection to the bond that it is broader in its terms than is required by the statute, so long as it does not vary therefrom to the prejudice of the rights of the defendants. Section 729 of the Code of Civil Procedure expressly provides that ."a bond or undertaking, required by statute to be given by a person, to entitle him to a right or privilege, or to take a proceeding, is sufficient, if it conforms substantially to the form therefor, prescribed by the statute, and does not vary therefrom, to the prejudice of the rights of the party, to whom, or for whose benefit it is given." The plaintiff is not attempting to recover under any amended act of the legislature, passed after this bond was given. It sues for a violation of it under the liquor tax law existing at the time it was executed. Assuming that the bond did not conform in all respects to the requirements of the statute, I am inclined to think that the defendants, after having presented it to the commissioner of excise as a lawful and valid security, who accepted it, and who, upon the strength of the security, granted a liquor tax license to the defendant Brucker, who has received all the rights and benefits therefrom, that neither he nor his surety ought to be permitted to escape liability because the bond does not conform to the exact language of the statute; neither should the court, upon technical grounds, aid them in escaping the consequences of a plain violation of its conditions. The defendants knew, or ought to have known, the contents of this bond when they executed it; and, if the additional clause referred to was in the least prejudicial to them, they should have refused to sign it, or, after it was executed, they should have applied to the court under section 730 of the Code of Civil. Procedure to have it amended. That section provides that, "where such a bond or undertaking is defective, the court officer or body that would be authorized to receive it or to entertain a proceeding in consequence thereof if it was perfect, may, on application of the person who executed it, amend it accordingly; and it shall thereupon be valid from the time of its execution." This section contemplates that where a statutory bond is taken for the benefit of a party, which does not comply with all its requirements, even in substance, it may be amended at the election of the party who executed it, by applying to the court. Irwin v. Judd, 20 Hun, 562. The obligors, however, may waive that condition, and if they neglect to institute proceedings to have the bond amended until an action is brought upon it, knowing that the principal has-

obtained rights and privileges upon the faith and strength of it, they are estopped from questioning its validity. It would be unjust, under these circumstances, to permit them to repudiate their obligation. In the case of People v. Eckman, 63 Hun, 209, 18 N. Y. Supp. 654, the court held that: "Where the commissioners of excise, as a condition to issuing a license to sell liquor, require a bond to be given that the licensee should not suffer his place of business to be disorderly, that the obligors are estopped from questioning its validity." It has frequently been held that parties to a bond or undertaking may waive the formalities required by the statute, and thus become estopped from asserting or proving its invalidity. Adee v. Adee, 16 Hun, 49; Ring v. Gibbs, 26 Wend. 502; Harrison v. Wilkin, 69 N. Y. 413; Shaw v. Tobias, 3 N. Y. 188; Decker v. Judson, 16 N. Y. 442; Insurance Co. v. Bender, 124 N. Y. 47, 26 N. E. 345.

The next question is whether the defendant Brucker violated the conditions of the bond by suffering or permitting any gambling to be done in the place designated by the tax certificate in which he was authorized to carry on the traffic of liquor. The complaint alleges that he suffered and permitted gambling upon his premises, in permitting to be maintained and used an electric nickel slot machine and a penny slot card machine, by which the public might and did game and play for money by chance. That by reason of said breach of the bond the defendants became and are indebted to the people of the state of New York in the sum of $1,000. So that the question presented is, did the defendant Brucker violate the statute by keeping what is commonly known as a "nickel slot machine" in his saloon, and permitting it to be used by the public, or those who visited his premises. Section 344 of the Penal Code provides that "a person who is the owner, agent or superintendent of a place or of any device or apparatus for gambling, or who hires or allows to be used a room, table, establishment or apparatus for such purpose, or who engages as dealer or game keeper or player in any gambling or banking game where money or property is dependent upon the result, is a common gambler." Subdivision 7 of section 899 of the Criminal Code also provides that persons who keep in a public highway or place any apparatus or device for the purpose of gambling, or go about exhibiting tricks or gaming therewith, are disorderly persons. It appears from the testimony of the agents of the excise department that the defendant kept in his saloon, where he was licensed to sell liquor, a slot machine, which was kept loaded with nickels, and any one coming into the saloon could drop a nickel into the slot of the machine, and press a plunger or turn a crank, so that the nickel dropped in would fall, and by some sort of contrivance or arrangement inside of the machine it might fall into certain compartments, and nothing would come out, whereby the nickel dropped in would be lost to the person playing or using the machine; or by chance it might fall into some other compartment, whereby a certain number of nickels with which the machine was loaded would drop out, and be won by the player. The inside working of the machine is not very clearly or minutely described by the witnesses. It appears, however, from the evidence, that the agents operated it successfully. Sometimes when they dropped a nickel in

the slot they would lose, and at other times they would win. By this operation one or the other of the parties must expect to profit by the game. Each party gets a chance of gain from the other, and he takes the risk of losing his own money. To adopt the theory advanced by the learned counsel for the defendant Brucker would enable parties by ingenious arrangements not only to thwart the purpose of the statute, but to avoid it altogether. The constitution of the state (article 1, § 9) provides that no gambling of any kind shall be authorized or allowed within the state. The manifest purpose of the legislature in its various enactments on the subject of gambling and gaming, which are synonymous terms, was to carry out the plain requirements of the constitution, and to make unlawful all games of chance by which money or other articles of value may be lost or won. Gambling, as defined in the Century Dictionary, is "to play at any game of hazard for a stake; risk money or anything of value on the issue of a game of chance by either playing or betting on the play of others." It is evident that gambling devices include all instruments, implements, devices, or means which are made and used in unlawful gaming. In State v. Grimes, 49 Minn. 446, 52 N. W. 42, the court held that "a gambling device may be defined as any invention or contrivance to determine the question as to who wins or who loses his money on a contest of chance." In the case of Portis v. State, 27 Ark. 362, it was held that "a gambling device may be defined to be an invention to determine the question as to who wins and who loses that risk their money on a contest or chance of any kind."

Entertaining these views, I must deny the motion for a nonsuit as to both defendants.