## KIRKPATRICK v. PHILLIPS.

1. INTOXICATING LIQUORS—BONDS—STATUTES.

> The bond of a liquor dealer and his sureties running to the city of Kalamazoo, instead of to the people of the State of Michigan, as provided by 2 Comp. Laws, § 5386, omitting the recitals and covenants prescribed by the statute, and containing a differently phrased condition, is not a substantial compliance with the law.

2. SAME.

> It is the duty of a liquor dealer to see that a proper bond is given, and the same is a condition precedent to his conducting the business and avoiding criminal responsibility.

3. SAME—CIVIL-DAMAGE ACT—IRREGULAR BOND—LIABILITY BY ESTOPPEL.

> In an action on such irregularly executed bond, which contains a proviso that the principal shall conduct his saloon in conformity to the laws of the State, the defendants are estopped, by acting on it and conducting the business, to deny their liability under its terms.

Error to Kalamazoo; Knappen, J.   Submitted June 7, 1910.   (Docket No. 7.)   Decided July 14, 1910.

Case by Anna L. Kirkpatrick against George Phillips, principal, and Edwin Jaseph and John H. Burke, sureties, under the civil-damage act.   A judgment for defendants on a verdict directed by the court is reviewed by plaintiff on writ of error.   Reversed.

*Barnard & Lewis* and *Earl L. Burhans*, for appellant.

*Alfred J. Mills* and *E. M. Irish*, for appellees.

BLAIR, J.   This is an action under the civil-damage law in which the plaintiff seeks to recover for loss of sup-

port, mental suffering, etc., growing out of the death of her husband in a runaway, which resulted from illegal sales of liquor made by the defendant Phillips. On the trial of the cause the plaintiff offered in evidence the bond given by the defendant George Phillips and his sureties, which said bond had been duly approved by the city council of Kalamazoo and filed with the county treasurer. The court held the bond irregular and defective and directed a verdict, in favor of all the defendants, of no cause of action. Plaintiff contends that the judgment for the defendants rendered by the circuit court should be reversed, for the following reasons:

(1) The bond is a good statutory bond and substantially conforms with the form of bond indicated in 2 Comp. Laws, § 5386.

(2) If not good as a statutory bond, it is enforceable as a common-law obligation, and plaintiff should have been allowed to go to the jury under the second count of the declaration.

(3) Because, as a matter of law, the parties defendant were estopped from raising the question of the validity of the bond.

(4) Because the court erred in directing a verdict in favor of all the defendants, i. e., in favor of both the principal and his sureties.

The bond in question is as follows:

"Know all men by these presents that we, George Phillips, as principal, and Edwin Jaseph and John H. Burke, as sureties, are held and firmly bound unto the city of Kalamazoo, a municipal corporation, in the sum of four thousand ($4,000) dollars lawful money of the United States of America to be paid to the said city of Kalamazoo or to its certain attorneys, heirs, executors, administrators or assigns and to which payment well and truly to be made we bind ourselves, heirs, executors and administrators and each and every of them firmly by these presents.

"Sealed with our seal, dated the 24th day of September, one thousand nine hundred eight.

"The condition of this obligation is such that whereas the said George Phillips desires to engage in the saloon

business in the city of Kalamazoo, Mich., at 106 East Water street, in said city, now therefore if the said principal, George Phillips, shall conduct the said saloon in conformity with the laws of the State of Michigan, and the ordinances of the city of Kalamazoo relating to saloons, and save harmless the said city of Kalamazoo from all loss or damage in connection or growing out of the suing of said saloon at the place above mentioned, then this obligation is to be void; otherwise to remain in full force."

In connection with the bond, plaintiff made the following offer of proof:

" We offer, if the court please, to show that under this bond the principal, George Phillips, conducted this saloon and gave this bond for the purpose of conducting a saloon; that the bond was drawn by the city attorney of the city of Kalamazoo for that purpose; and that the two sureties knew that he was operating this saloon and selling liquor and signed and executed the bond for the purpose of enabling him to sell liquor as a saloon keeper under the general laws of this State."

A mere comparison of the bond with the form prescribed by the statute (2 Comp. Laws, § 5386) is sufficient to disclose that the bond in suit is not substantially in the statutory form. The bond was, however, intended to be the bond required by statute by the principal and sureties. It was the duty of the principal to see that a proper bond was furnished. *Wolcott* v. *Judge of Superior Court,* 112 Mich. 311 (70 N. W. 831).

The giving of the statutory bond was the condition precedent to the principal's conducting the saloon business and avoiding criminal responsibility, as he and his sureties understood. They agree in their bond that the principal shall conduct the saloon in conformity to the laws of the State of Michigan relating to saloons, including the provisions of section 5386. By reason of this bond, Phillips was permitted to carry on the business and to accomplish the injury to plaintiff of which she complains, and we think that, under such circumstances, they should be held estopped to question the validity of the bond as a statutory

bond. *Brockway* v. *Petted,* 79 Mich. 620 (45 N. W. 61, 7 L. R. A. 740) ; *Schullherr* v. *State,* 68 Miss. 227 (8 South. 328); *Lyman* v. *Brucker,* 56 N. Y. Supp. 767.

The judgment is reversed, and a new trial granted.

BIRD, C. J., and McALVAY, BROOKE, and STONE, JJ., concurred.