# STATE OF MICHIGAN

# COURT OF APPEALS

STEVE SHAYA,

       Plaintiff-Appellant,

v

CITY OF HAMTRAMCK,

       Defendant-Appellee.

UNPUBLISHED
January 5, 2017

No. 328588
Wayne Circuit Court
LC No. 14-013728-NZ

Before: GADOLA, P.J., and FORT HOOD and RIORDAN, JJ.

PER CURIAM.

Plaintiff Steve Shaya appeals as of right the trial court's order granting defendant city of Hamtramck's motion for summary disposition under MCR 2.116(C)(7). The trial court determined that plaintiff's claims for employment discrimination under the Civil Rights Act (CRA), MCL 37.2101 *et seq*., and retaliatory discharge under the Whistleblowers' Protection Act (WPA), MCL 15.361 *et seq*., were subject to an arbitration provision in the parties' employment agreement. Accordingly, the court referred the claims to binding arbitration and dismissed plaintiff's complaint. We reverse.

## I. FACTS AND PROCEEDINGS

Defendant employed plaintiff as its Director of Public Services, effective February 29, 2012, pursuant to a written employment agreement. Section 22 of the agreement, entitled "BINDING ARBITRATION," states:

> Any controversy or claim arising out of or relating in any way to this agreement shall be settled exclusively by arbitration administered by the American Arbitration Association under its then-current National Rules for the Resolution of Employment Disputes, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. This agreement to be submitted to binding arbitration specifically includes, but is not limited to, all claims that this agreement has been interpreted or enforced in a discriminatory manner. Arbitration shall take place at the American Arbitration Association office located in Southfield, Michigan. The parties will share equally all administrative charges and arbitrators fees; provided, however, that upon the conclusion of the arbitration, the arbitrator shall direct the losing party to

-1-

reimburse the prevailing party for the prevailing party's actual and reasonable expenses and attorney fees incurred in the arbitration.

In 2014, defendant investigated allegations of malfeasance by plaintiff in the performance of his duties. Plaintiff contends that defendant accused him of failing to file city income tax returns or filing late returns, failing to pay taxes owed to the city, wrongdoing in approving contractors' invoices for services not performed, and failing to disclose his family relationship to a contractor.[1] In correspondence dated September 18, 2014, defendant notified plaintiff that his employment was terminated.

Plaintiff thereafter filed this action alleging claims for ethnicity discrimination in violation of the CRA and unlawful retaliation under the WPA. Plaintiff also alleged a claim for constitutional violations, claiming that defendant abridged his rights under the state constitution by failing to give him adequate notice of charges, invading his privacy by acquiring confidential city income taxpayer data, denying him equal protection, and denying his rights of free speech and to petition the government.

Defendant moved for summary disposition on the ground that plaintiff's claims were subject to binding arbitration in accordance with § 22 of the employment agreement. The trial court found that plaintiff's statutory claims were included within the scope of § 22 of the employment agreement, and also determined that arbitration was an administrative remedy that plaintiff was required to exhaust before seeking relief in the courts. Accordingly, the trial court granted defendant summary disposition pursuant to MCR 2.116(C)(7), and dismissed plaintiff's complaint without prejudice in favor of arbitration.

## II. ARBITRATION OF STATUTORY CLAIMS

Summary disposition may be granted under MCR 2.116(C)(7) if the claim is barred by the parties' agreement to arbitrate. *Beck v Park West Galleries, Inc*, 499 Mich 40, 45; 878 NW2d 804 (2016). Whether a controversy is subject to arbitration, and whether a trial court properly granted summary disposition under MCR 2.116(C)(7), are questions this Court reviews de novo. *Beck*, 499 Mich at 45. To the extent that resolution of this issue requires interpretation of the parties' employment contract, questions of contract interpretation are also reviewed de novo. *White v Taylor Distrib Co, Inc*, 289 Mich App 731, 734; 798 NW2d 354 (2010).

Section 6 of the Uniform Arbitration Act (UAA),[2] MCL 691.1681 *et seq*., provides, in pertinent part:

(1) An agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is

---

[1] While this investigation was pending, plaintiff brought a lawsuit against defendant alleging breach of contract, state constitutional violations, and improper divulgence of confidential information. The parties stipulated to the dismissal without prejudice of plaintiff's first lawsuit.

[2] The UAA was adopted by 2012 PA 371, effective July 1, 2013.

valid, enforceable, and irrevocable except on a ground that exists at law or in equity for the revocation of a contract.

(2) The court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate. [MCL 691.1686.]

In *Rembert v Ryan's Family Steak Houses, Inc*, 235 Mich App 118, 122; 596 NW2d 208 (1999) ("*Rembert II*"), a special panel of this Court resolved a conflict regarding whether a pre-dispute agreement to arbitrate is enforceable as to statutory employment discrimination claims. In that case, the plaintiff employee sued the defendant employer for workplace discrimination under the CRA and the Persons With Disabilities Civil Rights Act (PWDCRA), MCL 37.1101 *et seq*. *Id*. at 122, 126. The defendant moved for summary disposition under MCR 2.116(C)(7), citing the following provision in an agreement that the plaintiff executed at the start of his employment:

Your potential Employer ("signatory company" or "Company") has entered into an agreement with Employment Dispute Services, Inc. (EDS) to arbitrate and resolve any and all employment-related disputes between the Company's employees (and job applicants) and the Company. The following Agreement between You and EDS is a "selection of forum" agreement by which you agree that employment-related disputes between You and the Company shall be resolved through arbitration. Any arbitration matter shall be heard and decided under the provisions and the authority of the Federal Arbitration Act, 9 USC. sec. 1, as applicable. [*Rembert II*, 235 Mich App at 126.]

This Court summarized the procedural history of the case as follows:

Defendants moved for summary disposition pursuant to MCR 2.116(C)(7) (agreement to arbitrate) based on the signed arbitration agreement. After ruling that plaintiff had failed to establish that he was incompetent to understand the agreement he had signed, the trial court granted defendants' motion. Plaintiff appealed. Meanwhile, a majority of a panel of this Court decided in *Rushton* [*v Meijer, Inc (On Remand)*, 225 Mich App 156; 570 NW2d 271 (1997)], that agreements to arbitrate employment-related discrimination claims were unenforceable as a matter of public policy. A panel of this Court therefore reversed the trial court's order in this case because it was obligated to follow *Rushton* under MCR 7.215(H)(1). *Rembert v Ryan's Family Steak House, Inc.*, 226 Mich App 821, 575 NW2d 287 (1997) (*Rembert I*). The *Rembert I* panel opined that it reversed the trial court's order only because it was obligated to follow *Rushton* and that it would have held otherwise if free to do so. The Court thereby invoked the conflicts panel provision under MCR 7.215(H). Pursuant to MCR 7.215(H), *Rembert I* was vacated, 226 Mich App 821–822, and this special conflicts panel was convened to resolve the conflict. [*Rembert II*, 235 Mich App at 127. (footnote omitted)]

This Court reviewed the history of arbitration in Michigan, noting that "[o]ur Legislature significantly advanced the public policy favoring arbitration in 1961 when it enacted the

Michigan arbitration act, (MAA), MCL § 600.5001 *et seq.* . . ." *Id.* at 131. This Court also reviewed federal caselaw upholding the enforceability of individual employee pre-dispute arbitration agreements in the context of statutory discrimination claims where the agreement was part of an individual employment contract, and not in a collective bargaining agreement. *Id.* at 141-148. In addition, this Court reviewed caselaw from other states upholding pre-dispute agreements to arbitrate claims arising from employment, including statutory claims. *Id.* at 152-157. This Court concluded[3] that pre-dispute agreements to arbitrate statutory employment discrimination claims are enforceable in Michigan, provided they meet three conditions:

(1) the parties have agreed to arbitrate the claims (there must be a valid, binding, contract covering the civil rights claims), (2) the statute itself does not prohibit such agreements, and (3) the arbitration agreement does not waive the substantive rights and remedies of the statute and the arbitration procedures are fair so that the employee may effectively vindicate his statutory rights. [*Id.* at 156.]

Regarding the third requirement, procedural fairness, this Court acknowledged that it was not attempting "to catalog exhaustively all the circumstances in which arbitration agreements will or will not satisfy our ruling." *Id.* at 159. This Court instead set forth five requirements that pre-dispute arbitration agreements must satisfy to provide sufficient procedural fairness. These are:

(1) Clear notice to the employee that he is waiving the right to adjudicate discrimination claims in a judicial forum and opting instead to arbitrate these claims. . . .

(2) The right to representation by counsel, MCR 3.602(G).

(3) A neutral arbitrator. MCR 3.602(J)(1)(b) provides that arbitration awards shall be vacated if there was "evident partiality by an arbitrator, appointed as a neutral." Additionally, MCR 3.602(E)(1) requires that the arbitrator "be sworn to hear and fairly consider the matters submitted and to make a just award according to his or her best understanding."

(4) Reasonable discovery. MCR 3.602(F)(2) contemplates discovery by providing that the arbitrator may permit the taking of depositions for use of evidence. Arbitrators also have subpoena power pursuant to MCR 2.506. MCR 3.602(F)(1).

(5) A fair arbitral hearing. As stated above, MCR 3.602(E)(1) requires arbitrators to swear to hear and decide the matter fairly. MCR 3.602(F) affords

---

[3] This Court in *Rembert II* did not decide whether the contract in that case was enforceable to mandate arbitration. Instead, this Court remanded the case to the circuit court for findings regarding the validity of the contract in light of this Court's opinion in that case. *Rembert II*, 235 Mich App at 157, 166.

the arbitrator subpoena powers, so that parties will be able to summon witnesses. [*Rembert II*, 235 Mich App at 161-162. (citation omitted)]

Applying the test established by this Court in *Rembert II*, the arbitration provision in the contract at issue in this case, with respect to claims of discrimination under the CRA, is valid only if it meets the three-prong test, being (1) the parties agreed to arbitrate such claims, (2) the statute in question does not prohibit the agreement to arbitrate, and (3) the agreement does not waive the substantive rights and remedies of the statute and the procedures are fair. This Court in *Rembert II* defined fair procedures to require, among other things, that the arbitration agreement provide "clear notice" to the employee that he is waiving his or her right to adjudicate discrimination claims in a judicial forum. *Rembert II*, 235 Mich App at 161-162.

In this case, plaintiff contends that the arbitration provision of his employment agreement did not provide him with clear notice that he was waiving his right to recourse in a judicial forum. This argument involves the interpretation of the employment agreement. "Arbitration is a matter of contract." *Beck*, 499 Mich at 45, quoting *Kaleva-Norman-Dickson School Dist No.6 v Kaleva-Norman-Dickson School Teachers' Ass'n*, 393 Mich 583, 587; 227 NW2d 500 (1975). When determining whether parties to a contract have agreed to arbitrate a certain matter, this Court applies basic state-law principles of contract law, keeping in mind that the cardinal rule of contract interpretation is to ascertain the intention of the parties. Where the language of a contract is clear and unambiguous, we give the language of the contract its plain sense and meaning. *Amtower v William C. Roney & Co (On Remand),* 232 Mich App 226, 234; 590 NW2d 580 (1999).

In *Arslanian v Oakwood United Hosps, Inc (On Remand)*, 240 Mich App 540; 618 NW2d 380 (2000), this Court considered, post *Rembert II*, whether a pre-dispute arbitration agreement in a collective bargaining agreement negotiated by the employees' union precluded the plaintiff from filing civil rights claims in circuit court. This Court noted that in its earlier unpublished opinion, the Court had held that the plaintiff's claims of discrimination and retaliatory discharge under the CRA were not barred by the previous arbitration proceedings held pursuant to a collective bargaining agreement. On remand, this Court reached the same conclusion that the plaintiff's claims under the CRA were not barred by the arbitration mandated by the employment contract. *Id*. at 542. This Court concluded as a matter of public policy that a union cannot consent on behalf of employees to waive employee rights to litigate statutory claims in a judicial forum. This Court also held, however, that the language of the parties' collective bargaining agreement in that case did not validly waive the right to litigate statutory claims because the arbitration agreement did not provide clear notice to the employee that he or she was waiving the right to adjudication of a discrimination claim. *Arslanian*, 240 Mich App at 550-551. This Court explained:

> Similarly, in this case the arbitration clause generally provides that an employee may grieve "an alleged violation of a specific article or working condition or section of this Agreement." Although the agreement does contain an antidiscrimination provision, it does not explicitly reference or incorporate statutory discrimination claims. Further, it is provided that an arbitrator appointed under the agreement is "empowered to rule only upon the interpretation and construction of the specific provisions of this contract and shall not be empowered

-5-

to . . . change or modify any provision . . . or introduce any new material." We additionally find, therefore, that together these provisions do not constitute a clear and unmistakable waiver of the right to bring a statutory discrimination claim in court. Plaintiff was not on notice that by pursuing arbitration with the union he would lose this right. [*Arslanian*, 240 Mich App at 551-552.]

In this case, plaintiff similarly contends that the language of his employment agreement fails to encompass statutory discrimination claims. Plaintiff argues that the language of the employment contract does not bring statutory claims within the scope of § 22 because the employment agreement did not provide him with clear notice that he was waiving his right to a judicial forum with respect to such claims. We agree. The language of the arbitration provision of the employment contract in question in this case provides, in relevant part:

> *Any controversy or claim arising out of or relating in any way to this agreement* shall be settled exclusively by arbitration administered by the American Arbitration Association under its then-current National Rules for the Resolution of Employment Disputes, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. *This agreement to be submitted to binding arbitration specifically includes, but is not limited to, all claims that this agreement has been interpreted or enforced in a discriminatory manner.* (emphasis added.)

As in *Arslanian*, the contract language in this case does not reference plaintiff's right to pursue a statutory discrimination claim. The sentence "[t]his agreement [to arbitrate] . . . specifically, includes, but is not limited to, *all claims that this agreement has been interpreted or enforced in a discriminatory manner*" does not directly or indirectly refer to statutory claims, similar to the language of the contract in *Arslanian* which referred to "an alleged violation of a specific article or working condition or section of this Agreement." *Id*. at 551. Instead, it refers to claims alleging that the agreement itself has been interpreted or enforced in a discriminatory manner. We therefore agree with plaintiff that the language of § 22 does not provide clear notice to plaintiff that he was waiving the right to adjudication of statutory discrimination claims under the CRA, and in accordance with *Arslanian* conclude that plaintiff was not on notice that the terms of the employment contract constituted a waiver of the right to bring a statutory discrimination claim in court.

With regard to plaintiff's claims under the WPA, this Court has held that the WPA is analogous to the Handicappers' Civil Rights Act, the predecessor to the PWDCRA, with respect to arbitration agreements and stated that "the CRA and WPA protect similar statutorily recognized interests and deserve like treatment." *Stewart v Fairlane Community Mental Health Centre (On Remand)*, 225 Mich App 410, 421; 571 NW2d 542 (1997). Accordingly, the failure of § 22 to waive the employee's rights to litigate CRA claims in a judicial forum also constitutes a failure to waive such rights under the WPA. We therefore conclude that the trial court erred in determining that plaintiff's claims were subject to arbitration pursuant to § 22 of the parties' employment agreement.

-6-

## III.  ADMINISTRATIVE REMEDY

The trial court also erred in equating arbitration with an administrative remedy that must be exhausted before a plaintiff seeks recourse in the courts.  "The doctrine of exhaustion of administrative remedies requires that where an administrative agency provides a remedy, a party must seek such relief before petitioning the court." *Cummins v Robinson Twp*, 283 Mich App 677, 691; 770 NW2d 421 (2009).  An arbitrator or arbitration panel is not an administrative agency.  The UAA governs selection of arbitrators, but there is no governmental agency responsible for any aspect of arbitration.  Accordingly, the trial court erred in characterizing arbitration as an administrative remedy that must be exhausted before plaintiff could seek relief in a judicial forum.

Reversed and remanded for further proceedings.  We do not retain jurisdiction.


/s/ Michael F. Gadola
/s/ Karen M. Fort Hood
/s/ Michael J. Riordan