*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TAMARA CHAMBERS and ANNETTE SMITH,

        Plaintiffs-Appellants,

UNPUBLISHED
June 23, 2022

v

No. 358103
Genesee Circuit Court
LC No. 21-115398-CZ

CATHOLIC CHARITIES OF SHIAWASSEE AND
GENESEE COUNTIES and VICKY SCHULTZ,

        Defendants-Appellees.

Before: GLEICHER, C.J., and SAWYER and GARRETT, JJ.

PER CURIAM.

In this employment discrimination case, plaintiffs appeal as of right the trial court's order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(7) (agreement to arbitrate). Because the trial court erred by concluding that the parties entered into binding arbitration agreements, we reverse and remand.

## I. BACKGROUND

Plaintiff Chambers and plaintiff Smith, who are both African-American, were employees of defendant Catholic Charities, and defendant Schultz, who is white, was their immediate supervisor. On March 17, 2021, the plaintiffs filed a complaint against defendants in which they alleged race-based employment discrimination and retaliation in violation of the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq*. Plaintiffs alleged that defendant Schultz gave preferential treatment to white employees, and plaintiff Chambers was fired for pretextual reasons shortly after complaining of racial discrimination. Plaintiff Smith alleged that she then "technically resigned" in order to escape the workplace's environment.

On May 26, 2021, defendants filed a motion for summary disposition in which they sought dismissal pursuant to MCR 2.116(C)(7) on the basis that plaintiffs and defendants had entered into binding arbitration agreements. On October 20, 2013, both plaintiffs signed arbitration agreements which provided in relevant part:

I acknowledge and agree that, in exchange for continued employment at Agency, any and all disputes, controversies or claims by me that Catholic Charities violated any state or federal statute (including discrimination/civil rights claims), Michigan common law doctrine, or committed any tort or breach of contract arising from my employment with Catholic Charities, or termination of such employment relationship, shall be submitted to and settled by arbitration in the State of Michigan, pursuant to the rules, then in effect, of the American Arbitration Association, as set forth above.

These agreements were located in defendant Catholic Charities' "Personnel Policy Manual" in a section dedicated to its "Open Door Policy." Plaintiffs argued that defendants did not intend to be bound by the arbitration agreements, citing a disclaimer in the arbitration procedure provisions, which provided: "The provisions of this arbitration procedure does [sic] not create any contract of employment, express or otherwise, and does not, in any way, alter the 'at-will' employment relationship."

Following a hearing, the trial court entered an order granting defendants' motion for summary disposition. This appeal followed.

## II. DISCUSSION

### A. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision to grant or deny a motion for summary disposition, and the evidence is viewed in a light most favorable to the nonmoving party. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). Summary disposition under MCR 2.116(C)(7) is appropriate if the parties formed "an agreement to arbitrate . . . ." "Whether an issue is subject to arbitration is also reviewed de novo." *Beck v Park West Galleries, Inc*, 499 Mich 40, 45; 878 NW2d 804 (2016).

### B. ENFORCEABILITY OF ARBITRATION AGREEMENTS

Plaintiffs argue that the trial court erred by concluding that the parties were bound by their arbitration agreements. We agree.

"[A]n arbitration provision is unenforceable if it is not a binding contract." *Heurtebise v Reliable Business Computers*, 452 Mich 405, 413; 550 NW2d 243 (1996). Therefore, this Court "must apply the same legal principles that govern contract interpretation to the interpretation of an arbitration agreement." *Beck*, 499 Mich at 45. This Court's "primary task in construing a contract is to give effect to the parties' intentions at the time they entered into the contract," and "a party cannot be required to arbitrate an issue which he has not agreed to submit to arbitration . . . ." *Id*. at 45-46 (quotation marks, citation, and alteration omitted). The dispositive question is whether the parties intended to be bound by any of the terms of the policy handbook. *Heurtebise*, 452 Mich at 414.

In *Heurtebise*, the plaintiff argued that an arbitration agreement in the defendant's employee handbook did not create a binding contract. *Id*. at 412. The handbook at issue reserved the defendant's right to modify any policy, and it contained the following statement:

*It is important to recognize and clarify that the Policies specified herein do not create any employment or personal contract, express or implied,* nor is it intended nor expected that the information provided in this document will provide sufficient detail to answer any and all questions which may arise. NOTWITHSTANDING ANY OF THE SPECIFIC POLICIES HEREIN, EACH EMPLOYEE HAS THE ABSOLUTE RIGHT TO TERMINATE HIS/HER OWN EMPLOYMENT AT ANY TIME, WITHOUT NOTICE, AND FOR ANY REASON WHATSOEVER, AND THE COMPANY HAS THE SAME RIGHT. [*Id*. at 413.]

Our Supreme Court concluded that this disclaimer demonstrated "that the defendant did not intend to be bound to any provision contained in the handbook." *Id*. at 414. Accordingly, no binding contract was formed. *Id*.

In *Stewart v Fairlane Community Mental Health Ctr*, 225 Mich App 410, 420; 571 NW2d 542 (1997), this Court, citing *Heurtebise*, concluded that the arbitration agreement contained in the defendant's personnel manual did not form a binding contract.

[P]laintiff signed a document acknowledging that she received a copy of defendant's revised personnel policies manual that contained, in bold-faced type, the words "*Not a Contract of Employment*" and specifically stated that the manual is neither an "employment agreement" nor a "contract of employment." The acknowledgment also noted that the personnel policies may be amended from time to time. This demonstrates that the defendant did not intend to be bound to any provision contained in the handbook even though the arbitration provision referred to itself as a "mutual" agreement. We cannot conclude that an agreement or provision is mutual or binding where, as between a private employer and a nonunion employee, an employer may unilaterally amend at any time every policy contained in its employee manual. [*Id*. (quotation marks and citation omitted).]

This Court also noted that the plaintiff did not sign the acknowledgment sheet entitled "Agreement to Binding Arbitration" and described her failure to sign as "pivotal." *Id*. at 421.

There is no bright-line rule concerning whether employees are bound by an employment manual's arbitration agreement, and these issues are decided on the basis of the facts of the specific case. Relevant considerations include whether the policy manual contained a disclaimer expressing that its provisions do not form any contractual relationships;[1] whether the arbitration agreement was contained in a document separate from the manual;[2] whether the arbitration

---

[1] See *Heurtebise*, 452 Mich at 413-414.

[2] See *Hicks v EPI Printers*, 267 Mich App 79, 87-88; 702 NW2d 883 (2005).

provision was signed by the plaintiff;[3] and whether the employer reserved the right to unilaterally modify the policies.[4]

The policy manual in this case did contain a disclaimer stating that it did not form an employment contract, which provided:

> Disclaimer
> The provisions of this arbitration procedure does not create any contract of employment, express or otherwise, and does not, in any way, alter the "at-will" employment relationship between the parties.

This disclaimer is similar to the one in *Stewart*, which provided that the manual was not an "employment agreement" or a "contract of employment," and this Court decided that this language evidenced an intent not to be bound. *Stewart*, 225 Mich App at 421. Accordingly, we conclude that the disclaimer in this case was a manifestation of defendants' intent not to be bound by the arbitration agreements. Defendants argue that the arbitration agreement at issue is a separate agreement distinct from the rest of the policy manual, but this argument is without merit. First, the arbitration agreement includes the label "Personnel Policy Manual" in the top right corner. The header indicates that the manual is divided into sections, and the arbitration agreement appears in the section titled "EMPLOYMENT PRACTICES." The sections then appear to be divided into subjects, with the arbitration agreement being part of subject 211, "OPEN DOOR POLICY AND INTERNAL DISPUTE RESOLUTION." The open door policy has its own set of page numbers, and the arbitration agreement is listed as "Page 4 of 4" of this policy. Finally, the arbitration agreement includes the same header as the rest of the policy, including the Catholic Charities logo in the top left corner.

Because the arbitration agreements did not form a binding contract, we reverse the trial court's order granting summary disposition, and we remand this case to the trial court for plaintiffs' lawsuit to proceed. We do not retain jurisdiction.[5]

/s/ Elizabeth L. Gleicher
/s/ David H. Sawyer
/s/ Kristina Robinson Garrett

---

[3] See *Stewart*, 225 Mich App at 421.

[4] See *Stewart*, 225 Mich App at 421.

[5] In light of our conclusion that the arbitration agreements are not binding, we need not address plaintiffs' remaining arguments.