*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TY MAYBERRY,

        Plaintiff-Appellee,

v

ACRISURE WALLSTREET PARTNERS, LLC,
doing business as WALLSTREET GROUPS and/or
ACRISURE WALLSTREET GROUP, and
ACRISURE, LLC,

        Defendants-Appellants,

and

LEROY WILBERS,

        Third-Party Defendant.

FOR PUBLICATION
February 17, 2026
9:33 AM

No. 367352
Kent Circuit Court
LC No. 21-000837-CB

Before: SWARTZLE, P.J., and MALDONADO and ACKERMAN, JJ.

ACKERMAN, J.

This employment dispute requires us to clarify the legal effect of multiple writings executed in connection with a single hiring transaction when one of those writings contains an express integration clause. Put simply, when an employee signs both an employment application and an employment agreement as part of the same onboarding process, may the employer later enforce a limitations provision found only in the application to bar a claim arising from the employment relationship, notwithstanding the employment agreement's declaration that it is the parties' "entire" and "supersed[ing]" agreement?

In this case, plaintiff Ty Mayberry executed both an employment application and an employment agreement. The application included a contractually shortened limitations period requiring plaintiff to file "any and all" claims arising out of or relating to his employment within six months of the event giving rise to the claim. The employment agreement, by contrast, contained no shortened limitations period. It did, however, contain an integration clause stating

-1-

that it represented the parties' complete and final agreement concerning the terms and conditions of employment, superseded all prior employment agreements, and could not be varied or supplemented except by a written modification signed by the parties that expressly referenced the agreement.

Plaintiff later sued for breach of an alleged written modification to his employment terms, and defendants sought summary disposition, invoking the application's six-month limitations period. The circuit court denied the motion, concluding that the employment agreement was fully integrated and that the application's limitations provision could not be used to add to or alter the agreement. We agree. Where a written employment agreement unambiguously states that it is the parties' entire agreement and prohibits supplementation except by a specified written modification, a limitations clause contained only in a separate employment application is not part of the parties' employment contract and cannot be enforced to bar a claim for breach of that agreement. Accordingly, we affirm.

## I. BACKGROUND

This case arises from plaintiff's employment with Acrisure Wallstreet Partners, LLC (AWP), a subsidiary of Acrisure, LLC. AWP was formed in 2017, when Acrisure purchased Wallstreet Insurance Group from third-party defendant Leroy Wilbers[1] and a partner. Plaintiff began working for Wallstreet Insurance Group shortly before the acquisition and was subsequently employed by AWP as an independent contractor and producer. In 2018, AWP offered plaintiff a position as Worksite Director. The offer was contingent on plaintiff completing an employment application and executing a written employment agreement.

Plaintiff signed an employment application dated April 1, 2018. The application included a limitations provision stating that he "must file any and all claims and/or lawsuits arising out of or pertaining in any way to [his] application for employment, employment, or termination of employment" within six months of the event giving rise to the claim.

On the same day, plaintiff also signed an employment agreement. As relevant here, the agreement stated that it "supersedes any and all prior employment agreements between Employee and the Company . . . , whether verbal or written," that it "represents the entire Agreement between the parties regarding the terms and conditions of Employee's employment," and that its terms "may not be varied, modified, supplemented, or in any other way changed . . . except by a written agreement signed by all parties that expressly references and purports to modify" the employment agreement.

In March 2019, plaintiff and Wilbers, who was then CEO of AWP, signed a separate writing purporting to alter plaintiff's employment and compensation terms, including salary and other compensation provisions. Neither plaintiff nor Wilbers informed anyone else of the purported modification until February 2020, when plaintiff presented it to defendants. In May

---

[1] Third-party defendant Leroy Wilbers is not a party to this appeal. The collective term "defendants" refers only to AWP and Acrisure.

2020, defendants advised plaintiff they would not recognize the purported modification, and plaintiff's employment later ended.

In January 2021, plaintiff filed this action alleging breach of the employment agreement as modified. Defendants moved for summary disposition under MCR 2.116(C)(7), arguing that plaintiff's claim was time-barred by the six-month contractual limitations period in his employment application. The circuit court denied the motion, concluding that the employment agreement was fully integrated, the application was inadmissible parol evidence, and the application's limitation provision was therefore inapplicable. Defendants appeal by leave granted.

## II. STANDARD OF REVIEW

We review de novo a circuit court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition is appropriate under MCR 2.116(C)(7) when a claim is barred by a contractually shortened limitations period. *Rayford v American House Roseville I, LLC*, ___ Mich ___, ___; ___ NW3d ___ (2025) (Docket No. 163989); slip op at 7. "The contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant." *Maiden*, 461 Mich at 119.

"[Q]uestions involving the proper interpretation of a contract or the legal effect of a contractual clause are also reviewed de novo." *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). "In interpreting a contract, it is a court's obligation to determine the intent of the parties by examining the language of the contract according to its plain and ordinary meaning." *In re Smith Trust*, 480 Mich 19, 24; 745 NW2d 754 (2008). If the contract's language is unambiguous, it must be enforced as written because it "reflects the parties' intent as a matter of law." *Id*.

## III. DISCUSSION

At issue is whether the limitations period in the employment application is enforceable notwithstanding the employment agreement's explicit integration and anti-supplementation provisions. Defendants advance two related theories. First, they contend that the application and employment agreement must be read together as a single contract because they were executed in connection with the same hiring transaction. Second, they argue that even if the writings are separate, the application's limitations provision is not inconsistent with the employment agreement and therefore may be applied without violating the parol-evidence rule. We reject both theories because they conflict with the employment agreement's unambiguous integration and modification provisions.

Defendants' first theory, which is that the application and employment agreement must be read together as a single contract, fails at the outset because it disregards the plain language of the employment agreement. As a general matter, "Michigan law requires that separate contracts be treated separately." *Beck v Park West Galleries, Inc*, 499 Mich 40, 46; 878 NW2d 804 (2016). "However, when parties enter into multiple agreements relating to the same subject-matter, we must read those agreements together to determine the parties' intentions." *Wyandotte Electric Supply Co v Electrical Technology Sys, Inc*, 499 Mich 127, 148; 881 NW2d 95 (2016); see also *Cutler v Spens*, 191 Mich 603, 616; 158 NW 224 (1916) (holding that multiple agreements

executed as part of a single transaction, including contracts, a deed, and a mortgage, should be construed together as one contract). That interpretive principle, however, does not permit a court to override an express integration clause that defines the scope of the parties' agreement and prescribes the exclusive means of modification.[2]

Here, the employment agreement contains an express integration and modification provision. It provides that it "supersedes any and all prior employment agreements" between the parties, that it "represents the entire Agreement . . . regarding the terms and conditions of [plaintiff's] employment," and that it may not be "varied, modified, supplemented, or in any other way changed" except by a written agreement that "expressly references and purports to modify" the agreement. That language is unambiguous, and courts must enforce it as written. *Liparoto Const, Inc v General Shale Brick, Inc*, 284 Mich App 25, 30; 772 NW2d 801 (2009).

Reading the application and employment agreement together as a single contract would nullify those provisions. It would permit a separate writing that neither references the employment agreement nor satisfies the agreement's modification requirements to add a material term governing the employment relationship. Michigan contract law does not permit "interpretations that would render any part of the document surplusage or nugatory." *Patel v FisherBroyles, LLP*, 344 Mich App 264, 272; 1 NW3d 308 (2022) (citation omitted). Even if the application and agreement were executed on the same day as part of the same onboarding process, the employment agreement expressly declares itself to be the parties' complete and superseding agreement regarding employment and forecloses supplementation absent a qualifying written modification. The application is not such a qualifying modification.

In support of their assertion that the application and agreement must be read together, defendants rely on *Cutler*, *Wyandotte*, and *Gray v Yatooma*, unpublished opinion of the Court of Appeals, issued December 17, 2020 (Docket No. 351360), but those cases are distinguishable. The agreements in *Cutler* and *Wyandotte* did not contain integration clauses and were not determined to be fully integrated. In *Gray*, although one agreement contained an integration clause, it expressly referenced the other agreement on its first page, leading this Court to construe the documents together. *Gray*, unpub op at 5. Here, by contrast, neither the employment application nor the employment agreement references the other.

Moreover, the integration clause in *Gray* merely stated that the agreement "constitutes the full understanding of the parties" and that "[t]here are no prior or contemporaneous oral or written agreements that are not included within this agreement." *Id*. The employment agreement here is

---

[2] Nor does the "read together" principle apply when the instruments are not between the same parties. The employment application is between plaintiff and Acrisure, while the employment agreement is between plaintiff and AWP. Neither instrument purports to bind the other entity. Although AWP is a subsidiary of Acrisure, "Michigan law presumes that parent and subsidiary corporations constitute separate legal entities." *Hills and Dales General Hosp v Pantig*, 295 Mich App 14, 20-21; 812 NW2d 793 (2011). Accordingly, these are not "separate deeds or instruments, executed at the same time and in relation to the same subject matter, *between the same parties*" that must be construed together. *Nogaj v Nogaj*, 352 Mich 223, 231; 89 NW2d 513 (1958) (emphasis added).

much more explicit. It provides that the agreement "may not be modified except by a written agreement signed by all parties that expressly references and purports to modify this Agreement" and that it "supersedes any and all prior employment agreements" between the parties. Although the application and agreement were signed on the same date, the record reflects that they were signed at different times. Plaintiff signed the application early in the day, attended several meetings, and then returned in the afternoon and signed the employment agreement. The application therefore constitutes a prior agreement that the employment agreement expressly supersedes.

Defendants' second theory fares no better. They contend that even if the writings are separate, the application's limitations provision may still be enforced because it is not inconsistent with the employment agreement, which is silent as to limitations periods. That argument misunderstands both the parol-evidence rule and the role of an integration clause. The employment agreement is not silent on whether additional employment terms may be imported from outside writings; it expressly prohibits supplementation. Silence as to a particular term does not invite extrinsic additions where the contract affirmatively states that it is the parties' entire agreement and may not be supplemented except in a specified manner.

Defendants further argue that the shortened limitations period is not a term of plaintiff's employment, but merely a term of his *application* for employment. That characterization is unpersuasive. The provision applies to all claims arising out of plaintiff's "application for employment, *employment or termination of employment*," and thus purports to regulate plaintiff's rights during and after the employment relationship. (Emphasis added.) A contractual provision that governs an employee's ability to bring claims arising from his employment or termination regulates the employment relationship itself. It therefore constitutes a term of employment within the scope of the integration clause.

When a contract is fully integrated, extrinsic writings may not be used to add to or vary its unambiguous terms except in narrow circumstances not alleged here, such as "fraud that invalidate[s] the integration clause or where an agreement is obviously incomplete 'on its face' and, therefore, parol evidence is necessary for the 'filling of gaps.' " *UAW-GM Human Resource Center v KSL Recreation Corp*, 228 Mich App 486, 492; 579 NW2d 411 (1998) (citation omitted). Defendants do not contend that the employment agreement is incomplete, that the integration clause was procured by fraud, or that the agreement requires supplementation to function. Instead, they seek to enforce a limitations period found only in a separate employment application to bar a claim arising from the employment agreement itself. The agreement's unambiguous terms foreclose that result.

In short, defendants ask us to enforce a contractual term the parties never made part of their employment agreement, notwithstanding an express provision barring such supplementation. The limitations provision contained only in the employment application was never incorporated into the employment agreement in the manner the agreement requires and therefore is not a term of the parties' employment contract. Because the limitations clause is inapplicable as a matter of contract interpretation, we need not address defendants' remaining arguments.

## IV. CONCLUSION

The employment agreement at issue is a fully integrated contract that expressly supersedes prior employment agreements and prohibits supplementation by extraneous writings absent a signed written modification expressly referencing the agreement. Because the employment application's shortened limitations period was never incorporated into the employment agreement in the manner the agreement requires, it is not a term of the parties' employment contract and cannot bar plaintiff's breach-of-contract claim. The circuit court therefore did not err by denying defendants' motion for summary disposition, and we affirm.

/s/ Matthew S. Ackerman
/s/ Brock A. Swartzle
/s/ Allie Greenleaf Maldonado